J-S52001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW DAVID FLANNERY | : | |
| | : | |
| Appellant | : | No. 1197 EDA 2020 |

Appeal from the PCRA Order Entered May 1, 2020
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0007075-2012

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED DECEMBER 14, 2020**

Matthew David Flannery appeals from the order entered in the Court of Common Pleas of Bucks County denying his "Petition for Reconsideration of Sentence – Specifically to address Credit for Time Served." We affirm.

Flannery entered a negotiated guilty plea to burglary, and the trial court sentenced him to four to ten years' imprisonment. Flannery filed a timely motion for reconsideration, which the trial court granted. The trial court then resentenced Flannery to three and one-half to seven years' imprisonment. Flannery did not file a direct appeal.

Flannery thereafter filed a *pro se* petition alleging he was not awarded credit for time served from his original judgment of sentence until his resentencing. The trial court construed this filing as a petition filed under the

_____

[*] Former Justice specially assigned to the Superior Court.

Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546, and appointed counsel, who filed an amended petition. The court later issued notice of its intent to dismiss the petition without a hearing, pursuant to Pa.R.Crim.P. 907. The Rule 907 notice observed that Flannery's petition was untimely filed, and did not invoke a valid exception to the PCRA's time bar. The court ultimately dismissed the petition, and Flannery filed a timely notice of appeal. This case is now properly before us.

Flannery's sole issue on appeal challenges the court's failure to grant him credit for time served.

At the outset, we note that the trial court construed Flannery's filing as a request for relief under the PCRA. Our Supreme Court has held that the PCRA subsumes all forms of collateral relief. **See Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007); **but see Commonwealth v. Lacombe**, 234 A.3d 602, 618 (Pa. 2020) (declining to find the PCRA to be the exclusive method for challenging sexual offender registration statutes). A challenge to the trial court's failure to award credit for time served is a collateral attack upon the legality of the sentence and is cognizable under the PCRA. **See Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007). Therefore, just as the trial court did, we must address Flannery's petition under the framework of the PCRA.

We begin by addressing the timeliness of Flannery's petition. Generally, the PCRA grants jurisdiction to hear a collateral attack on a conviction only if a petition is filed in the year after the judgment of sentence becomes final.

*See Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012). The judgment of sentence is finalized when the petitioner's direct appeal rights have been exhausted. *See id*., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time bar in order to establish jurisdiction under the PCRA. *See id*.

Here, the trial court resentenced Flannery for his crimes on February 14, 2013. Flannery had thirty days from the date of the judgment of sentence to file a notice of appeal to this Court. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Flannery did not pursue a direct appeal. As such, his judgment of sentence became final on March 18, 2013. *See* 42 Pa.C.S.A. § 9542(b)(3).[1]

Flannery filed the instant PCRA petition ("Petition for Reconsideration of Sentence – Specifically to address Credit for Time Served") on March 15, 2017, nearly four years after his judgment of sentence became final. Therefore, Flannery's petition is facially untimely, and we lack jurisdiction to decide this appeal unless Flannery pled and proved one of the three enumerated exceptions to the one-year time bar in the PCRA.

---

[1] As March 16, 2013, fell on a Saturday, Flannery's judgment of sentence became final on March 18, 2013. *See* 1 Pa.C.S.A. § 1908. (providing that where the thirtieth day of the appeal period falls on a Saturday or Sunday, that day is properly omitted from the timeliness computation).

Flannery did not attempt to plead or prove any of the timeliness exceptions in his petition. He merely argues that his claim should be reviewed as challenges to the legality of the sentence cannot be waived. **See** Appellant's Brief, at 7. While Flannery is correct that his claim cannot be waived, it can nevertheless be lost if raised in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (recognizing that this Court cannot review a challenge to the legality of the sentence where there is no basis for our jurisdiction to review the claim). As we are without jurisdiction to address the merits of Flannery's petition, we cannot address his sole claim that his sentence was illegal.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/20